**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Wendy Lynn Beasley, | No. CV-17-02758-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration Commissioner's decision denying her application for Social Security Disability Insurance ("SSDI") benefits (Doc. 13). Plaintiff filed an Opening Brief, Defendant filed a Response Brief, and Plaintiff filed a Reply Brief. (Docs. 13, 18, and 19). After review of the record, the parties' briefs, and applicable law, the decision of the Commissioner is reversed and remanded for further proceedings consistent with this Order.

**I.    BACKGROUND**

On April 11, 2012, Plaintiff filed an application for SSDI benefits under Title II of the Social Security Act, alleging disability beginning April 8, 2011. (AR[1] 17). Plaintiff was 46 years old at the time of her alleged onset of disability. (Doc. 13 at 2). Plaintiff has at least a high school education, having obtained a GED and her past employment included work as a medical assistant. (Doc. 18 at 3). Plaintiff claims she became unable to work due to the following impairments: (1) "mild degenerative disc disease and residuals of back

---

[1] Citations to "AR" are to the administrative record.

surgery[,]" (2) hypertension, (3) carpal tunnel syndrome, (4) depression, and (5) anxiety. (AR 19).

After state agency denials, the Administrative Law Judge ("ALJ") held a hearing on September 23, 2015, and a supplemental video hearing on March 20, 2014. (AR 17). Following the hearing, the ALJ issued an unfavorable decision on May 2, 2016, which was adopted by the Social Security Administration Appeals Council as the agency's final decision. (AR 29; Doc. 18 at 2). Plaintiff then appealed the decision by filing her Complaint on August 15, 2017, requesting judicial review and reversal of the ALJ's decision. (Doc. 1).

## II. LEGAL STANDARDS

In *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014), the Ninth Circuit Court of Appeals reiterated the well-settled standards governing judicial review of an ALJ's disability determination. "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Id.* at 1009 (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. §§ 405(g), 1383(c)(3)). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citation omitted). In determining whether substantial evidence supports the ALJ's decision, a district court considers the record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusions. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993). The ALJ is responsible for resolving conflicts, ambiguity, and determining credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

A district court considers only those issues raised by the party challenging the ALJ's

decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). Similarly, the Court can "review only the reasons provided by the ALJ . . . and may not affirm the ALJ on a ground upon which he did not rely." *Garrison*, 759 F.3d at 1010 (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## III. DISCUSSION

Plaintiff argues that the ALJ erred in weighing the opinion of Plaintiff's treating physician, Dr. Nagy, and in failing to state specific, clear, and convincing reasons for discrediting Plaintiff's subjective symptom testimony. (Doc. 13 at 1). Defendant argues that the ALJ's decision should be affirmed because the ALJ reasonably weighed all medical opinions and resolved any conflicts and gave legally sufficient reasons, supported by substantial evidence, for rejecting Plaintiff's subjective complaints. (Doc. 13).

### A. ALJ's Five–Step Evaluation Process

To be eligible for Social Security benefits, a claimant must show an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The ALJ follows a five-step evaluation process to determine whether an applicant is disabled under the Social Security Act:

> The five-step process for disability determinations begins, at the first and second steps, by asking whether a claimant is engaged in "substantial gainful activity" and considering the severity of the claimant's impairments. *See* 20 C.F.R. § 416.920(a)(4)(i)-(ii). If the inquiry continues beyond the second step, the third step asks whether the claimant's impairment or combination of impairments meets or equals a listing under 20 C.F.R. pt. 404, subpt. P, app. 1 and meets the duration requirement. *See id.* § 416.920(a)(4)(iii). If so, the claimant is considered disabled and benefits are awarded, ending the inquiry. *See id.* If the process continues beyond the third step, the fourth and fifth steps consider the claimant's "residual functional capacity" in determining whether the claimant can still do past relevant work or make an adjustment to other work. *See id.* § 416.920(a)(4)(iv)-(v).
>
> *Kennedy v. Colvin*, 738 F.3d 1172, 1175 (9th Cir. 2013).

Applying the five-step evaluation process, the ALJ found that Plaintiff was not disabled and not entitled to benefits. (AR 29). At step one, the ALJ concluded the Plaintiff did not engage in substantial gainful activity since April 8, 2011, the alleged onset. (AR 19). At step two, the ALJ determined the Plaintiff had the following severe impairments: "milder degenerative disc disease and residuals of back surgery. . . ." (*Id.*) Additionally, the ALJ found Plaintiff's hypertension, carpal tunnel syndrome, depression, and anxiety to be non-severe impairments. (*Id.*)

At step three, the ALJ held that Plaintiff "[does] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P . . . ." (AR 22). At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform light work, including:

> [S]he can lift and carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand and walk six hours in an eight-hour workday. She can sit for six hours in an eight-hour workday. She can occasionally climb stairs and ramps, but she can never climb ropes, ladders, or scaffolds. [Plaintiff can occasionally stop, kneel, crouch, and crawl. [Plaintiff] should avoid concentrated exposure to extreme cold and unprotected heights.

(*Id.*) The ALJ further found that Plaintiff was capable of performing past relevant work as a medical assistant. (AR 29). Thus, the ALJ did not perform step five and concluded that Plaintiff "was not under a disability, as defined in the Social Security Act, from April 8, 2011, through the date of this decision . . . ." (*Id.*)

### B. Medical Opinions

Plaintiff contends that the ALJ committed harmful error by rejecting the opinions of Plaintiff's treating neurosurgeon, Dr. Nagy, who began treating Plaintiff in April 2013 and performed Plaintiff's September 25, 2013 lumbar fusion spinal surgery. (Docs. 13 at 10, 19 at 7-8). In weighing medical evidence, the Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the ALJ should give the

greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to one of a non-examining physician. *See Andrews*, 53 F.3d 1035 at 1040–41; *see also* 20 C.F.R. § 404.1527(c)(2)–(6). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986), *superseded by statute on other grounds as recognized in Bunnell v. Sullivan*, 912 F.2d 1149, 1154 (9th Cir. 1990). But, "[t]he ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421–22.

The ALJ failed to meet that burden here. The ALJ afforded little weight to Dr. Nagy's opinions because the ALJ concluded that they (1) were not supported by the medical record, (2) were contrary to the Plaintiff's generally normal physical examinations contained in the medical record, and (3) appeared to be based on the claimant's subjective allegations. (AR 27). The only specific support that the ALJ provided was an April 14, 2013 MRI and medical records from April 21, 2010, to April 27, 2012. (*Id.*) However, the ALJ did not explain how those diagnostic imaging and treatment records contradicted Dr. Nagy's opinions, nor does the ALJ acknowledge that those diagnostic imaging and treatment records all were prior to Plaintiff's September 25, 2013 lumbar fusion spinal surgery. In other words, the ALJ exclusively relied on records to discount Dr. Nagy's opinion that were prior to Dr. Nagy's treatment of Plaintiff and prior to when Plaintiff's condition was severe enough to require lumbar fusion spinal surgery. (Doc. 19 at 5).

Additionally, the ALJ does not explain why he rejected Dr. Nagy's May 24, 2014 opinion that Plaintiff's September 25, 2013 surgery was unsuccessful, and she was going to need to undergo revision surgery. (AR 426). In fact, the only opinions that the ALJ afforded great weigh to were the opinions of nonexamining state agency physicians, Dr. Takach and Dr. Woodcock; however, both of those opinions were also prior to Plaintiff's September 25, 2013 surgery. (AR 25, 81, 395).

Particularly in a case where the medical opinions of a treating physician differ so markedly from the ALJ's, it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physician's findings. *See Cotton*, 799 F.2d at 1408. The ALJ failed to do so here, which the Court finds to be harmful error. Therefore, the Court must remand Plaintiff's case so that the ALJ can properly consider the opinions of Plaintiff's treating physician, Dr. Nagy, and the entire medical record. *See id*. at 1408–09. Because this error alone warrants remand, the Court declines to address Plaintiff's remaining arguments.

**IV.     Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff

disabled if all the evidence were properly evaluated using the proper standards. Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate.

Accordingly,

**IT IS ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings to allow the Commissioner to evaluate the medical opinions of record in conformance with this Order and issue a new decision accordingly;

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 14th day of February, 2019.

Honorable Diane J. Humetewa
United States District Judge